**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 4:16 CR 32 RLW (NAB)** |
| v. ) | |
| ) | |
| **WILLIAM SERMAN HART,** ) | |
| ) | |
| **Defendant.** ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPRESS**
**EVIDENCE AND STATEMENTS**

Come now Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Rodney H. Holmes, Assistant United States Attorney for said District and the provides the Government's Response to Defendant's Motion to Suppress Evidence and Statements. The Government states as follows:

**I.    FACTS:**

On July 17, 2015, in the Eastern District of Missouri, St. Louis Metropolitan Police officers executed a search warrant at 4956 Terry (East). Prior to this date Officer William Wethington, a St. Louis police officer assigned to the Mobile Reserve Unit and a member of the SWAT Team, received information from a Confidential Informant (CI) regarding drug sales and possession of one firearms by a person known as "Bill". The CI stated that he/she observed drugs and a handgun while inside 4956 Terry. The CI also described Bill's vehicle as a cream colored Pontiac Grand Prix with plastic testicles hanging from the rear bumper. Officer Wethington provides the CI with a photograph of Defendant and he/she confirms that Defendant is the individual he/she knows as Bill. Based on this information Officer Wethington conducted

surveillance of 4956 Terry (East) on July 13, 2015, and obtained a positive identification of Defendant.  Officer Wethington observed defendant engage in what he believed to be a hand to hand drug transaction on the front porch of the residence.  With this information, Officer Wethington prepared an affidavit to establish probable cause and obtained a search warrant from St. Louis City Circuit Court Judge Michael Noble.  See Attached.   Officer Wethington assembled the members of the St. Louis Metropolitan Police Department SWAT Team in preparation for the execution of the search warrant.  Upon arrival, Defendant's mother Tina Walton was contacted in the front yard and escorted into the home.  A total of five individuals, including Defendant, were present in and around the home at the time the warrant was executed.  Officers learned that Defendant's mother lives at 4956 Terry (West).  Officers swept the home during entry and observed Defendant exit a rear bedroom.  A search of the rear bedroom revealed multiple photographs of Defendant, mail addressed to Defendant, and a Taurus .380 caliber handgun located on the top shelf in the closet underneath men's clothing.  Drug paraphernalia was located in the lower kitchen cabinet.  Defendant was arrested and confined in the St. Louis City Justice Center.  Defendant exercised his right to remain silent and did not make a statement.  Defendant and his mother claim that the firearm was planted on Defendant by law enforcement.  Defendant has written letters to Judge Perry and Circuit Attorney Jennifer Joyce.  It is unclear if Defendant is challenging incriminating statements contained in these letters.

II.     **ARGUMENT:**

    1.     **The Search Warrant was in Proper Form and Supported by Probable Cause**

An affidavit for a search warrant need only show facts sufficient to support a finding of probable cause.  United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987).  When a magistrate judge relies solely on the affidavit to issue a warrant, only the information found within the four corners of the affidavit may be considered in determining if probable cause exists.  United States v. Farlee, 757 F.3d 810, 819 (8th Cir. 2014) (citing United States v. Ethridge, 165 F.3d 655, 656 (8th Cir. 1999)).

Here, Officer William Wethington presented an affidavit to support the application for a search warrant of 4956 Terry (East).  The affidavit outlined Officer Wethington's experience, specifically described the subject property, and gave detailed information regarding the reliability of the CI.  The affidavit stated that the CI had been proven reliable over an approximate one year period.  That in the past two months, the CI gave information that resulted in a search warrant in which drugs and three guns were seized which resulted in the Circuit Attorney's Office issuing multiple felony charges.  Next, the affidavit states Officer Wethington conducted surveillance on July 13, 2015, to independently corroborate the CI's information. During this surveillance, Officer Wethington positively identified Defendant and observed Defendant conduct what Wethington believed to be a hand to hand narcotics transaction from the front porch of the residence.

The CI gave specific information in this case.  Further, Officer Wethington conducted an independent investigation to corroborate the CI's information.  Based on this information St. Louis City Circuit Court Judge Michael Noble found there was probable cause to support the issuance of a search warrant.  Thus, the warrant issued in this case was properly issued and supported by probable cause.

## 2. Defendant's Fifth Amendment Rights Were Not Violated In This Case

Miranda warnings are required only when a person's freedom has been restricted to such an extent as to render him in custody. United States v. LeBrun, 363 F.3d 715, 720 (8th Cir. 2004). Miranda rights are required because the coercion inherent in custodial interrogation blurs the line between voluntary and involuntary statements, and heightens the risk that a person will not be afforded the protection of the Fifth Amendment against self- incrimination. Dickerson v. United States, 530 U.S. 434, 435 (2000). The government has the burden to prove that the defendant made a voluntary, knowing, and intelligent waiver of his Miranda rights. Moran v. Burbine, 475 U.S. 412, 421-22 (1986). The totality of the surrounding facts and circumstances must show that a waiver was voluntarily and knowingly waived. Id.

In this case, Defendant was clearly in custody and advised of his rights per Miranda. Defendant exercised his Fifth Amendment right to remain silent and did not make a statement to law enforcement officers. Defendant did write letters to Judge Perry regarding his supervised release revocation hearing and to Circuit Attorney Jennifer Joyce regarding a then pending Missouri State case for charges filed in State court arising out of the same offense conduct. These letters were voluntarily written and mailed by Defendant and are not afforded Miranda protection.

WHEREFORE, the Government prays this Court deny defendant's motion to suppress evidence and statements.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Rodney H. Holmes*_____
RODNEY H. HOLMES, #6244551IL

Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 20th day of May, 2016, to attorney for defendant, Assistant Federal Public Defender Kevin Curran, 1010 Market Street, Suite 200, St. Louis, Missouri 63101.

s/ *Rodney H. Holmes*
Assistant United States Attorney